UNITED STATES COURT OF APPEALS

FOR THE DISTRICT OF COLUMBIA CIRCUIT

**NO. 23-7033**

|  |  |  |
|---|---|---|
| HENRY SEARCY, JR. | ) | |
| Appellant | ) | |
| V. | ) | CIVIL ACTION NO.1:19-cv-00921-RBW |
| DEMAURICE F. SMITH, et al, | ) | |
| Appellees | ) | |

APPELLANT'S BRIEF

Appellant, Henry Searcy, Jr., hereby submits a brief per the May 12, 2023, ORDER of this court related to the Appellant's appeal of Civil Action No. 1:19-cv-00921-RBW February 24, 2023, ruling.

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2023, a true and correct copy of the foregoing was served via first-class mail to the following:

Lauren Gailey (#1631587)

WINSTON & STRAWN LLP

1901 L Street, N.W.

Washington, DC 20036


Jeffery L. Kessler

Jonathon J. Amoona

Angela A. Smedley

WINSTON & STRAWN LLP

200 Park Avenue

New York, NY 10166-4193


Dated: June 20, 2023

Respectfully submitted,

/Henry Searcy, Jr., Pro Se

12804 Willow Marsh Lane

Bowie, MD 20720

(202) 904-9052

APPEALLANT'S BRIEF

The February 24, 2023, ruling by Judge Reggie B. Walton should be reversed because said ruling: (a.) did not consider the Appellant's Complaint **and all subsequent filings as required by the court for a pro se plaintiff**; (b.) violates the Federal Rule of Evidence 801(d)(2)(c.); (c.) disregards the U.S. Court of Appeal for the District of Columbia Circuit March 5, 2021, ruling; and (d.) did not apply the right rule of consideration for a breach of contract related to a diversity jurisdiction case.

Judge Walton's ruling did not consider the Appellant's Complaint and **all subsequent filings including filings responsive to a motion to dismiss.**

**(a.)   A court considering a motion to dismiss for failure to state a claim regarding a pro se plaintiff's complaint should look to all filings, including filings responsive to a motion to dismiss.** *Brown*, 789 F.3d at 151–52.

Judge Walton's May 6, 2020, ruling identifies the case law **Carty v. CVS Pharmacy, LLC, 264 F.Supp.3d 190 (2017).** In Carty v. CVS Pharmacy, LLC, 264 F.Supp.3d 190 (2017)**,** Ms. Carty was a pro se plaintiff when the United States District Court, District of Columbia (Court) evaluated her pleadings *in toto*, considering all her allegations, including those filed in opposition to Defendants' Motion to Dismiss. *See Brown v. Whole Foods Market Grp., Inc.*, 789 F.3d 146,

3

151–52 (D.C. Cir. 2015). *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999). In the case Carty v. CVS Pharmacy, LLC, 264 F.Supp.3d 190 (2017), Ms. Carty's Complaint formally asserted a claim of negligence; however, her subsequent filings seem to complain of more systematic, intentional acts intended to cause Ms. Carty distress. Accordingly, **upon the Court's review of Ms. Carty's Complaint and her subsequent filings in opposition to a motion to dismiss**, the Court considered Ms. Carty's allegations <u>broadly</u> as an assertion of a claim for intentional infliction of emotional distress. While pro se pleadings are "held to less stringent standards than formal pleadings drafted by lawyers," According to *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) they too "must plead 'factual matter' that permits the court to infer "more than the mere possibility of misconduct," *Atherton v. D.C. Office of the Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009). Ms. Carty's Complaint was dismissed because she did not plead any facts to support her claims therefore her case was dismissed. *See Crowder v. Bierman, Geesing, and Ward, LLC*, 713 F.Supp.2d 6, 8–10 (D.D.C. 2010).

On the other hand, the Appellant's May 2019 Complaint stated a claim that stated that the actions of the NFLPA and DeMaurice Smith were in violation of the Federal Arbitration Act (FAA). **However, the Appellant's subsequent filings in opposition related to the FAA claim provided an argument stating that the**

4

**Defendants-Appellees were in violation of the DC Arbitration Act instead of the FAA (EXHIBIT 36 page 36).** Insomuch the Appellant was a pro se plaintiff, Judge Walton was required to consider "all filings, including filings responsive to the NFLPA and DeMaurice Smith's attorneys "motions to dismiss." *Brown*, 789 F.3d at 151–52. The Appellant's subsequent filings pleaded factual matters that permitted Judge Walton to infer that the NFLPA and DeMaurice Smith's acts were more than the mere possibility of misconduct. The Appellant's subsequent filing pleaded that the NFLPA breached the contract between the Appellant and the NFLPA when the NFLPA provided the Appellant an appeal hearing according to "the" Voluntary Labor Arbitration Rules of the American Arbitration Association (AAA), an appeal process that does not exist according to the AAA (EXHIBIT 2 pages 3-5). The Appellant's subsequent filings related to DeMaurice Smith (**EXHIBIT DS**), identified the fact that DeMaurice Smith amended the NFLPA Regulations to change the scoring methodology on the NFLPA Contract Advisor Exam without the NFL Player Representatives approval. The Appellant's Complaint and the Appellant's subsequent filings also identified harm (i.e. loss profits, depression) as a result of the aforementioned actions of the NFLPA and DeMaurice Smith. To that end, Judge Walton's ruling (**EXHIBIT A3**) did not consider the Appellant's pro se plaintiff subsequent filings in opposition to the

5

Defendant-Appellees' Motion to Dismiss. *See Brown v. Whole Foods Market Grp., Inc.*, 789 F.3d 146, 151–52 (D.C. Cir. 2015).

**(b.)    Judge Walton's ruling violates the Federal Rule of Evidence 801(d)(2)(c.).**

The June 4, 2021, response to the Appellant's Motion For Summary Judgement by the attorneys of the NFLPA and DeMaurice Smith stated, "….Searcy's one-page summary judgement motion contends that "in view of the Agent Regulations holding in the instance that a new applicant fails the written examination on two successive occasions…**there is no genuine dispute as to any material fact that the NFLPA breached the contract between Searcy and the NFLPA as stated in Searcy's Show Cause Motion submitted to the D.C. Circuit on January 21, 2021**. The motion does not mention Smith…." (**EXHIBIT 1 pg. 3**).

Accordingly, the Federal Rules of Evidence 801(d)(2)(c) treats as a nonhearsay an admission a statement made by a person whom the party authorized to make a statement on the subject. Saint-Jean v. District of Columbia, Fed. Supp. (2014). Judge Walton's February 24, 2023, ruling does not consider the Federal Rules of Evidence 801(d)(2)(c) statement submitted by the NFLPA and

6

DeMaurice Smith's attorney in response to the Appellant's Show Cause Motion related to the Appellant's 2020 appeal (20-7048) with this court (Exhibit page 3).

(c.) **Judge Walton's ruling disregarded the March 5, 2021, United States Court of Appeals for the District of Columbia Circuit ruling.**

The Appellant's March 5, 2021(**EXHIBIT 2 page 1-2**), United States Court of Appeals for the District of Columbia Circuit ruling ORDERED "….that the motion for summary affirmance be denied and, on the court's own motion, this case be remanded to the district court for reconsideration of its dismissal of the claims against the NFLPA and Smith for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)…." (**EXHIBIT 2 page 1-2**).

Accordingly, the NFLPA and DeMaurice Smith's DC law claims must be considered according to 28 U.S.C. section 1367. The 28 U.S.C. § 1367 says that once the District court has complete diversity jurisdiction over claims between a Plaintiff (SEARCY) and Defendant (NFLPA) the District can exercise supplemental jurisdiction over claims a part of the same "case or controversy" as part of the same case, claims brought by Nondiverse Parties (DEMAURICE SMITH lives in Bethesda, Maryland (Exhibit Smith). The case Lorazepam & Clorazepate Antitrust Litigation., 631 F. 3d 537, 541 (D.C. Cir. 2011) sites Strawbridge v. Curtiss, 7 U.S. 267, 2, Led 435 (1806) which

7

states that diversity jurisdiction does not exist unless each Defendant (NFLPA) is a citizen of a different state from each Plaintiff (SEARCY MARYLAND). The Strawbridge v. Curtiss, 7 U.S. 267, 2, Led 435 (1806) case also states that "diversity jurisdiction does not exist unless *each* Defendant (NFLPA-Washington DC) is a citizen of a different state from *each* Plaintiff (SEARCY - Maryland).". The case <u>Lorazepam & Clorazepate Antitrust Litigation.,631 F. 3d 537, 541 (D.C. Cir. 2011)</u> also sites <u>Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 125 S. Ct. 2611, 162 L. Ed 502 (2005)</u> which states that once the District court has complete diversity jurisdiction over claims between a Plaintiff (SEARCY) and Defendant (NFLPA), the District can exercise supplemental jurisdiction over claims a part of the same "case or controversy" as part of the same case, claims brought by Nondiverse Parties (DEMAURICE SMITH) as the claims of Plaintiffs (NFLPA) who met all of the requirements of 28 U.S.C. § 1332(a). Lastly, the case <u>Lorazepam & Clorazepate Antitrust Litigation.,631 F. 3d 537, 541 (D.C. Cir. 2011)</u> sites <u>Mollan v. Torrance, 22 U.S. (9 Wheat) 537, 539, 6 L.Ed. 154 (1824)</u> which says that jurisdiction "depends upon the state of things at the time of the action are brought....". To that end, DeMaurice F. Smith should be a part of this suit because 1.) in the District of Columbia, corporate officers are responsible for the torts they inspire or participate in – the acts of DeMaurice F.

Smith related to the breach-of-contract between Searcy and the NFLPA signify a disregard to corporate formalities **Jackson v Loews Washington Cinemas, Inc, 944 A2d 1088 (DC 2008)**; 2.) DeMaurice F. Smith lives in Maryland, and qualifies as a nondiverse Defendant for supplemental jurisdiction in this tort case as stated above (Exhibit Smith). To that end, page 3 of the NFLPA and DeMaurice F. Smith's attorney argument states that "there is no genuine dispute as to any material fact that the NFLPA breached the contract between Searcy and the NFLPA as stated in the Plaintiff's Show Cause Motion submitted to the D.C. Circuit on January 21, 2021." However, they are asking for a briefing for the parties' jurisdictional arguments. **I disagree, the NFLPA has delayed their overt breach-of-contract since February 2016**, at the NFLPA appeal hearing not governed by the AAA. The jurisdictional arguments are straight forward and simple as stated above; any further argument would only delay the NFLPA's overt breach-of-contract ruling by this court. For all these reasons, this court should <u>deny</u> the NFLPA and DeMaurice's motion in Opposition to the Plaintiff' Summary Judgement.

In addition to the above, 28 U.S.C. section 1652 required Judge Walton to apply DC law related to the breach of contract claim because the Appellant-Plaintiff and the Appellee-Defendant creates diversity jurisdiction. In diversity cases, federal courts must apply the law that would be applied by the courts of the state in which

they sit (*Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L. Ed. 1188*). Accordingly, federal courts in diversity cases are to apply state common law in those broad areas such as contracts, torts, probate, and property (*HANNA V. Plumer, 380 U.S. 460, 472 (1965)*). In this case, the Plaintiff resides in Bowie, Maryland and the Defendant, the NFLPA is headquartered within the District of Columbia establishing diversity jurisdiction. Moreover, the Plaintiff's complaint indicated that the acts of the Defendants were all related to common law (i.e. breach of contract and torts). The breach of contract dispute is between the Plaintiff and the NFLPA, and there is a tort law dispute against DeMaurice Smith. Furthermore, in this case, the Plaintiff's "subsequent filings" provided an argument to Judge Walton that the NFLPA was in violation of the District of Columbia Arbitration Act or DC law (EXHIBIT 36 page 36).

As it relates to the diversity case between the Plaintiff and the NFLPA, the Judge Walton applied the Federal Arbitration Act (EXHIBIT 36 page 36) which requires one to file a motion for vacatur within 60 days of the award related to fraud. On the other hand, subsequent filings in response to a motion to dismiss stated that the NFLPA and DeMaurice Smith's actions were in violation of section 16-4423 of the District of Columbia, Chapter 44 Arbitration Revised Uniform Act. The District of Columbia, Chapter 44 Arbitration Revised Uniform Act states "…unless the movant alleges that the award was procured by

10

corruption, fraud, or other undue means, in which case the motion shall be made within 90 days after the ground is known….". The Plaintiff was made aware by the American Arbitration Association (AAA) that his appeal hearing did not use AAA rules on March of 2019 (Exhibit AAA). The Plaintiff's initial complaint was filed on April 2, 2019, and amended in May 2019.

Insomuch as Judge Walton received a "subsequent filed" motions in response to a motion to dismiss from the Appellant stating that the NFLPA was in violation of section 16-4423 of the District of Columbia, Chapter 44 Arbitration Revised Uniform Act, Judge Walton provided a ruling using the Federal Arbitration Act, contrary to *Klaxon Co v. Stentor Manufacturing Co., 313 U.S. 487 (1941)* which requires federal courts to apply state court common law decisions in diversity cases. To that end, Judge Walton's choice to use the Federal Arbitration Act (FAA) as the law to determine the outcome of this case instead of the District of Columbia, Chapter 44 Arbitration Revised Uniform Act, was contrary to the precedent established by Ms. Carty in **Carty v. CVS Pharmacy, LLC, 264 F.Supp.3d 190 (2017).**

**(e.). Judge Walton's ruling did not allow the Appellant to amend his complaint according to the liberal amendment policy of Rule 15 of the Rules of Federal Civil Procedure.**

Upon receiving the May 5, 2021, Appeal Court ruling (**EXHIBIT 2 page 1-2**), Judge Walton held a meeting with all parties involved in the Complaint on November 2021(Exhibit 2 page 6-7). During said meeting, the Appellant stated that he was arguing only DC law claims. Furthermore, during said meeting, the Appellant specifically informed Judge Walton that the Appellant was not arguing the FAA; and stated that Appellant's **subsequent filings** argued the DC Arbitration Act (under the FAA heading). The Appellant submitted on January 2022, a Motion to amend the Complaint according to Rules of Federal Civil Procedure 15 requesting Judge Walton to rule only on the DC law claims related to the NFLPA and DeMaurice Smith. After two years from receiving the Appeal Court's March 5, 2021, Order to reconsider the Appellant's DC law claims, Judge Walton's February 24, 2023, ruling denied the Appellant's Complaint Amendment according to Rules of Federal Civil Procedure 15. Additionally, the Appellant's DC law claims were not reconsidered per the United States Court of Appeals for the District of Columbia Circuit (Appeals Court) March 5, 2021, court Order related to the NFLPA and DeMaurice Smith claims (**EXHIBIT 2 page 1-2**)(Exhibit DS)(Exhibit 4 NFLPA).

On the other hand, as stated in Carty v. CVS Pharmacy, LLC, 264 F.Supp.3d 190 (2017), a pro se plaintiff's pleadings are to be considered *in toto*, considering all her allegations, including those filed in opposition to Defendants-Appellees Motion to Dismiss. *See Brown v. Whole Foods Market Grp., Inc.*, 789 F.3d 146, 151–52 (D.C. Cir. 2015), *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999). That said, on page 36 of the Appellant's opposition to the Defendants-Appellees Motion to Dismiss, the Plaintiff-Appellant's subsequent filings argued the DC Arbitration act (EXHIBIT 36 page 36). That said, if the Court considered all the Appellant's **subsequent filings and the allegations broadly for a pro se plaintiff,** the Appellant's DC Abirritation Act claim, which was made a part of subsequent filings in opposition to the Defendant-Appellees Motion to Dismiss, must be considered for a pro se plaintiff according to Carty v. CVS Pharmacy, LLC, 264 F.Supp.3d 190 (2017) (**EXHIBIT 36 page 36**) (**EXHIBIT DS**).

In conclusion, Judge Walton's February 24, 2023, ruling should be reversed because 1.) the Appellant's subsequent filings in opposition to the NFLPA and DeMaurice Smith's attorneys Motion to Dismiss were not considered under the lens of a pro se; 2.) the ruling violates the Federal Rule of Evidence 801(d)(2)(c.); 3.) the ruling disregards the U.S. Court of Appeal for the District of Columbia Circuit March 5, 2021, ruling; and (4.) the ruling did not apply the right rule of consideration for a breach of contract related to a diversity jurisdiction case.

For the forgoing reasons, the Plaintiff respectfully requests that Judge Walton's decision be reversed.

Dated: June 20, 2023					Respectfully Submitted,

							HENRY SEARCY, JR, Pro Se
							12804 Willow Marsh Lane
							Bowie, Maryland 20720
							(202) 904-9052